**Potami v. Frankel**

C.P. of Dauphin County, no. 5006 S 1996.

*Robin J. Marzella,* for Potami.
*Evan Black,* for Harrisburg Hospital and Pinnacle Health Hospital.
*Steven D. Snyder,* for Keystone Health Plan Central Inc.
*S. Walter Foulkrod III,* for Sharon Frankel M.D.

BEFORE: KLEINFELTER AND HOOVER, *JJ.*[1]

HOOVER, *J.,* June 24, 1998—This matter is presently before the court on the defendants' preliminary objections. Argument was heard by an en banc panel of this court and the relevant facts and procedural history are outlined as follows:

On the evening of October 24, 1994, Katherine R. Potami went to the emergency room at Harrisburg Hospital complaining of severe mid-sternal chest pain that radiated into her back. Mrs. Potami was a participating member of Keystone Health Plan Central Inc. through her employer. Mrs. Potami was not examined by a physician, and the triage nurse at Harrisburg Hospital sent her home because the HMO physician refused her admission. Dr. Frankel, the HMO physician, attributed her symptoms to stress and anxiety and prescribed an antidepressant. The following morning, Mrs. Potami returned to Harrisburg Hospital and complained of excruciating pain. She was admitted to the emergency

---

1. The Honorable Richard A. Lewis recused himself and did not participate in this decision.

room for evaluation and treatment of her sympt< ms and was diagnosed as suffering from an acute myocardial infarction. A complaint was filed which alleges medical malpractice on the part of Dr. Frankel. The complaint alleges counts of vicarious liability, negligence, fraud and misrepresentation and breach of contract against Keystone. The complaint alleges that Harrisburg Hospital is vicariously liable for negligence of the emergency room personnel in failing to properly assess and treat the plaintiff's condition. The plaintiffs also assert a claim for corporate negligence against Harrisburg Hospital for failing to enact policies and procedures concerning the denial by an HMO of medical care.

## PRELIMINARY OBJECTIONS OF
## HARRISBURG HOSPITAL AND
## PINNACLE HEALTH HOSPITALS

Defendants Harrisburg Hospital and Pinnacle Health Hospitals contend that the plaintiffs have not alleged sufficient facts to support a claim for punitive damages. We conclude that sufficient facts have been alleged in the complaint to defeat the defendants' preliminary objections. This is not to say that the court will not entertain a challenge to the claim for punitive damages at a later stage of the proceedings.

## PRELIMINARY OBJECTIONS OF
## KEYSTONE HEALTH PLAN CENTRAL INC.

First, the defendant argues that Counts V through VII and parts of Count IV must be dismissed because the claims constitute a non-justiciable challenge to the legislative structure underlying Pennsylvania's managed health care. The defendant focuses on the allegations that the physicians acted negligently because of financial

incentives in their contracts with Keystone. The defendant argues that these allegations attack the concept of managed care and the financial structure of Keystone's participating physician contracts. Keystone argues that its plan and provider contracts were established according to the specific mandates of the legislature, and that the courts are without jurisdiction to hear the claims raised in Counts V through VII and parts of Count IV.

The plaintiffs maintain that the defendant has misunderstood the basis for the allegations and reiterate that the complaint does not attack the concept of managed health care in the abstract but simply attacks the way that Keystone and its doctor handled Mrs. Potami's case. We find that the defendant's preliminary objection in this regard is without merit.

The defendant next contends that the state law claims stated in Counts IV and VII are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001-1461 (ERISA). We find that based on *McClellan v. Health Maintenance,* 413 Pa. Super. 128, 604 A.2d 1053 (1992) and *Pappas v. Asbell,* 450 Pa. Super. 162, 675 A.2d. 711 (1996), *allocatur granted,* 546 Pa. 682, 686 A.2d 1312 (1996), these allegations are not preempted by ERISA. In *Pappas,* suit was brought against the doctor and hospital for causing an inordinate delay in transferring the patient to a hospital that was equipped to address a neurological emergency. The hospital joined the HMO as a party defendant for its refusal to authorize the transfer of Mr. Pappas to the hospital selected by the Haverford physicians. The issue of preemption was raised by the HMO, and the Superior Court determined that the negligence claims are not preempted by ERISA because the court did not believe that Congress intended to foreclose recovery

to plan beneficiaries injured by negligent medical decisions. *Id.* at 175, 675 A.2d at 718. We find that the plaintiffs' breach of contract, fraud and misrepresentation, negligence and the vicarious liability claims are not preempted by ERISA.

The defendant argues that the allegations of gross negligence, reckless disregard, wanton misconduct and outrageous conduct must be dismissed because the facts do not warrant an award of punitive damages. As was stated above, sufficient facts have been alleged to defeat the preliminary objections in this regard.

The defendant next contends that Mr. Potami's claim in paragraph 78 for medical expenses incurred for the care of his wife must be dismissed. The treatment was provided to Mrs. Potami. The plaintiffs included a claim for Mrs. Potami's medical benefits in Mr. Potami's loss of consortium claim. The defendant argues that medical expenses are not an element of a loss of consortium claim. The plaintiffs stipulate that they are not trying to seek a double recovery for medical expenses. Therefore, we will grant the defendant's request for a demurrer as far as the request for medical benefits contained in the loss of consortium claim.

The defendant argues that the claims for fraud and misrepresentation contained in Count IV are not specific and should be stricken. We have reviewed the averments in question and conclude that sufficient facts have been alleged to defeat the demurrer.

The defendant contends that Count VI must be dismissed because it is really an attempt to impose the doctrine of informed consent on Keystone, which is not a doctor. Count VI claims that Keystone failed to communicate its incentive and reimbursement systems to Mrs. Potami, and that this was vital information necessary in her decision to choose Keystone as her

health care insurance. We agree with the plaintiffs that the defendant has mischaracterized these allegations. The plaintiffs are not arguing that the doctrine of informed consent is involved in any way. The plaintiffs are suggesting that Keystone had a duty to disclose its reimbursement and incentive programs so that an educated decision could be made as to whether Keystone met Mrs. Potami's health insurance needs.

Finally, Keystone objects to Count VII (breach of contract) because the plaintiffs did not attach a copy of the agreement to the complaint. We agree that the defendant is in possession of the agreements and any literature, and we will overrule this preliminary objection as well.

Accordingly, we enter the following:

### ORDER

And now, June 24, 1998, the preliminary objections filed on behalf of Harrisburg Hospital and Pinnacle Health Hospitals are hereby overruled. The preliminary objections filed on behalf of Keystone Health Plan Central Inc. are overruled with the exception that the claim for medical expenses found in paragraph 78 is stricken. All defendants shall file their answers to the complaint within 20 days from the date of this order.